IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DEQUEEN VILLAS LIMITED PARTNERSHIP**                               **PLAINTIFF**

VS.                            CASE NO. 5:08CV00041 JMM

**STATE FARM FIRE & CASUALTY COMPANY**                        **DEFENDANT**

**ORDER**

Pending before the Court is defendant's Second Motion in Limine (#25). For the reasons stated below, the motion in granted in part and denied in part.

The motion is unopposed as to Charles Turnage's statements and personal opinions concerning defendant's operating practices which are not related to whether there was hail damage to the roof of the DeQueen Villas Apartments in the spring of 2007 and as to testimony that defendant's counsel previously represented Turnage or any of his corporations. The motion is granted on these issues and this evidence is excluded from trial.

The remainder of the motion contends that (1) Turnage and Richard Tindall should not be allowed to testify as experts on hail damage, or as having an opinion on roof repair or the handling of insurance claims and (2) Turnage should not be allowed to testify regarding two previous lawsuits filed by Turnage, through his respective companies against defendant, or that Turnage's companies have six claims against defendant which are in dispute.

Plaintiff has responded that it does not intend to offer Turnage or Tindall as experts regarding hail damage, but that they will testify about their inspection of the roof and their beliefs that the roof was damaged by hail which is relevant to plaintiff's good faith claim on the policy and to plaintiff's refusal to accept defendant's version of the damages.  Plaintiff has also responded that evidence of other claims is relevant to the extent that defendant is arguing that plaintiff's experts waited an inordinate amount of time after the loss to inspect the property. Plaintiff contends that Turnage was in the midst of negotiations with defendant regarding several claims which delayed plaintiff having expert witnesses evaluate the damage to the roof.

Defendant's motion is denied to the extent that Turnage will be allowed to testify as a lay witness as contemplated by Federal Rule of Evidence 701 to explain why he does not accept defendant's version of the damages.

The Court will delay its ruling on whether evidence of Turnage's other claims against defendant are relevant until trial.  Plaintiff's counsel is to approach the bench before presenting any evidence concerning Turnage's other claims against defendant.

IT IS SO ORDERED THIS   24   day of   March  , 2009.


_____
James M. Moody
United States District Judge